## LOUISA DOUAI WEHLE, RESPONDENT, *v.* JESSE B. SPELMAN AND OTHERS, APPELLANTS.

*Evidence— Statement of person to whom witness has been referred by plaintiff for information — when admissible.*

Action to recover the damages sustained by the plaintiff in consequence of the unlawful taking of her property by the defendants. The principal dispute was as to the value of the goods. A witness, called by the defendants, was asked as to a conversation had by him with Charles Wehle, the brother and attorney of the plaintiff, soon after the taking of the goods, in relation to the amount of stock. The conversation was objected to by the plaintiff and excluded. The defendants then offered to prove that the witness was referred by Mrs. Wehle to her brother, as to the fact of how many goods were in the store, which evidence was objected to by the plaintiff and excluded. *Held*, that the rejection of the evidence was error.

*12 Johnson, 159.        †2 Hill, 80.        ‡ 6 Barb., 282.        § 19 N. Y., 227

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the judge's minutes.

The action was brought to recover for the seizure of the property of the plaintiff, by virtue of certain attachments which were subsequently vacated and set aside.

Other facts appear in the opinion.

*Fullerton, Knox & Crosby*, for the appellants.

*Charles Wehle* and *L. H. Rowan*, for the respondents.

Davis, P. J.:

There is little or no difficulty in disposing of the great mass of the exceptions taken on the trial of this case. They were not well taken. But as to one of them, this cannot be said.

The principal question litigated on the trial, was the actual value of the goods taken from plaintiff's store. On the part of the plaintiff, the value was claimed to have been $10,000 or $12,000, while the defendants insisted that the value was below $3,000. In the course of the trial, one Orville H. Clapp, who was a member of the firm of Butler, Broom & Clapp (which firm were a part of the attaching creditors, though not parties to this suit), was called and examined as a witness on behalf of defendants. His testimony chiefly related to the quantity of goods the plaintiff had in her store, and their value; and after giving his opinion, founded on his examination, and stating a conversation with plaintiff on that subject, he testified that about a week afterward, he had a conversation with Charles Wehle, in relation to the amount of stock the plaintiff had on hand. Charles Wehle, it already appeared, was the brother of plaintiff, and her lawyer. The conversation was objected to by plaintiff, and excluded by the court. The defendants' counsel then offered to show that the witness was referred, by Mrs. Wehle (the plaintiff), " to her brother, as to the fact of how many goods were in the store." This was objected to by plaintiff's counsel, and the objection was sustained by the court, and defendants excepted. The evidence offered was competent. If it had appeared that the plaintiff referred the witness to Charles Wehle, for the purpose of

getting from him, information on the subject of the amount of goods in the store, that act would make him her agent for the purpose of giving such information, and his statements made when applied to under such reference would be competent evidence against the plaintiff, so far as they related to that subject.

It was therefore error to exclude the offer, inasmuch as it already appeared by the preceding question, that the object was to get the statements on that subject, of Charles Wehle, before the jury.

What would have been their effect or purport, we are not able to see. It may easily be conjectured that the evidence, if given, would have been of little or no importance, but that it would have been of *none* cannot be legally seen. The defendants had the right to such declarations (if they first proved the offer), and to have the jury pass upon their weight, in connection with the other testimony. They related to the principal subject of controversy. And we cannot see that, if permitted to lay the proper foundation, the defendants would not have called out important declarations touching the quantity of the goods, and affecting materially the question of value. For this error, the judgment must be reversed, and a new trial ordered, with costs to abide the event.

DANIELS and BRADY, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide the event.